[No. 15215.  Department One.  May 31, 1919.]

W. E. DAVIS, *Respondent*, v. P. P. PENDRASS, *Appellant*.[1]

LANDLORD AND TENANT (127)—UNLAWFUL DETAINER—EXISTENCE OF RELATION. Plaintiff was entitled to prosecute an action of unlawful detainer where on denial of the relation of landlord and tenant, the court found, on conflicting evidence, that defendant was in possession as plaintiff's tenant.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered January 5, 1918, upon findings in favor of the plaintiff, in an action of unlawful detainer, tried to the court. Affirmed.

*Henry Conger* and *E. N. Eisenhower*, for appellant.
*J. H. Gordon*, for respondent.

MACKINTOSH, J.—Respondent is seeking to recover possession of a twenty-acre tract of land in this action of unlawful detainer, and is asking judgment for rent which it is alleged is in arrears. The complaint states that the respondent is the owner of the land in question, and that, in April, 1917, he rented the land to appellant at a monthly rental, in the payment of which the defendant has defaulted. The appellant, in his answer, affirmatively alleges that he is in possession of the tract in question, not as tenant of the respondent, but by virtue of a contract of purchase made by the respondent's predecessor in interest.

As stated by the appellant, this question resolves itself into one of fact, namely, Did the relationship of landlord and tenant exist between the parties to this action? Thus the appellant contends that at all times he was in possession of the land under the original contract of purchase, which had never been cancelled

[1]Reported in 181 Pac. 682.

by either of the original contractors or by the respondent, and that, therefore, the appellant had never become respondent's tenant.

It is unnecessary to review the testimony upon this issue, which testimony is in sharp conflict, the reading of which, however, has convinced us that the trial court was correct in arriving at the conclusion that the appellant was in possession of the land as respondent's tenant, and therefore the respondent was entitled to prosecute his action, and the judgment in his favor was correct and is hereby affirmed.

CHADWICK, C. J., MAIN, TOLMAN, and MITCHELL, JJ., concur.